**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Tomasello, | No. CV-14-00029-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona, State of, et al., | |
| Defendants. | |

Before the Court is the Court of Appeals' Order (Doc. 36) directing this Court to construe Petitioners Reply to Order Dated April 14, 2014 (Doc. 28) as a timely request to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

This Court ordered the Clerk to enter judgment in Plaintiff's suit on April 14, 2014. On May 19, 2014, Plaintiff informed the Court that he had not received notice of the entry of judgment until May 16, 2014. Plaintiff filed a formal notice of appeal on July 11, 2014, after more than the thirty days for filing an appeal permitted by Federal Rule of Appellate Procedure 4(a)(1)(A). Per the Court of Appeals' instruction, this Court treats Plaintiff's May 19, 2014, submission as a timely request to reopen the time to appeal. Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days, "but only if all the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil

Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Throughout the course of this litigation, Plaintiff has received physical copies of many of the Court's orders, yet on other occasions mail sent to Plaintiff has been returned as undeliverable. There is no readily apparent explanation for why some documents sent to Plaintiff's address of record were received while others ostensibly were not. Concerned that Plaintiff may have been screening his mail to avoid certain correspondence, the Court on September 9, 2014, ordered Plaintiff to submit, by September 22, 2014, "copies of all written instructions or communications between him and the mailbox address" he provided to the Court, "including all communications concerning what address is sufficient to receive mail and what mail to reject." Doc. 37. To date, Plaintiff has not responded to that order. Thus there is reason to question whether Plaintiff in fact never received notice that the Court had entered judgment against him. Nevertheless, giving Plaintiff the benefit of any possible doubt, it appears he has met the requirement of subpart (A) of Rule 4(a)(6). *See United States v. Withers*, 638 F.3d 1055, 1061-62 (9th Cir. 2011) (finding rule's first prong satisfied where the appellant "made an unchallenged assertion that he did not receive timely notice of judgment"). Plaintiff filed his Motion with the Court both within 14 days of receiving notice and within 180 days of the entry of judgment, as required by subpart (B). When "generously construed as … a motion to reopen the time for filing an appeal," *id.* at 1062, Plaintiff's May 19, 2014, submission passes the test laid out in Rule 4(a)(6).

IT IS THEREFORE ORDERED that Plaintiff's Request to Reopen the Time to Appeal Pursuant to Federal Rule of Appellate Procedure 4(a)(6) (Doc. 28) is granted.

Dated this 9th day of October, 2014.

Neil V. Wake
United States District Judge